IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KAREN D. DAVIDSON                                         PLAINTIFF

v.                                CIVIL NO. 19-5234

ANDREW SAUL, Commissioner                          DEFENDANT
Social Security Administration

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Plaintiff, Karen D. Davison, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on January 26, 2017, and January 30, 2017, alleging an inability to work since June 22, 2012, due to: borderline personality disorder, depression, anxiety, post-traumatic stress disorder (PTSD), history of torn ACL and PCL in right knee, left knee pain, fibromyalgia, osteoarthritis, history of hernias, right foot protuberance, memory loss, obesity, fatty liver disease, and back pain. (Tr. 10, 299, 304). An administrative hearing was held on December 20, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 10, 33-61).

1

By written decision dated January 25, 2019, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe. (Tr. 7, 13). Specifically, the ALJ found that Plaintiff had the following severe impairments: dysfunction of a major joint, knee; hernias; fibromyalgia; obesity; osteoarthritis of the spine; and affective/anxiety disorder. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13-14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with frequent finger and handle bilaterally; no exposure to ropes, ladders, scaffolds, and kneeling or crawling; can occasionally use stairs and ramps, and stoop and crouch; and limited to simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to work performed, and can respond to supervision that is simple, direct, and concrete.
> (Tr. 14-24).

With the help of a vocational expert, the ALJ determined that Plaintiff was unable to perform any of her past relevant work but was able to perform the representative occupations of document preparer, addresser, or table worker/inspector. (Tr. 24-25). The ALJ found Plaintiff had not been under a disability as defined by the Act from June 22, 2012, through the date of his decision. (Tr. 25).

Plaintiff requested a review of the hearing decision by the Appeals Council. (Tr. 244-47). On October 18, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

Subsequently, Plaintiff filed this action. (Doc. 3). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation. (Docs. 13, 14). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. Ponder v. Colvin, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted for at least one year and that prevents him from engaging in substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

3

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520.  While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain on the claimant. Stormo v. Barnhart, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

### III. Discussion

Plaintiff raises three issues in this matter: 1) whether the ALJ properly developed the record; 2) whether the ALJ properly considered Plaintiff's PTSD; and 3) whether the ALJ's step five findings were supported by substantial evidence. (Doc. 13, pp. 2-10). After a thorough review of the record, the undersigned agrees that the ALJ's RFC assessment is not supported by substantial evidence.

RFC is defined as the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barhart, 393 F. 3d 798, 801 (8th Cir. 2005). Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity

4

is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Of particular concern to the undersigned is the ALJ's treatment of Plaintiff's impairment of her right upper extremity and her manipulative limitations. (Tr. 16, 18, 23). Plaintiff reported pain in her right shoulder, both elbows, wrists, and hands to her doctors and in her function and pain reports throughout the relevant time period. (Tr. 327-28, 330-32481, 541, 550, 797, 808, 837, 840, 808). In her function reports, Plaintiff reported difficulties dressing, shaving, and caring for her hair as well as an inability to put away dishes due to loss of grip strength in her hands. (Tr. 331-32, 335, 372). She reported that she was very limited in the areas of reaching and using her hands. Id.

On November 9, 2016, Plaintiff saw Dr. Jamal Abdin and reported worsened right shoulder pain. (Tr. 550). On December 7, 2016, Plaintiff saw Dr. Abdin and reported right shoulder pain, as well as numbness and tingling in her right arm and a weakened grip in her right hand. (Tr. 546). Plaintiff was assessed with right shoulder pain and carpal tunnel syndrome of the right wrist. (Tr. 548). On January 31, 2017, Plaintiff saw Dr. Andrew Heinzelmann for right shoulder pain, which had worsened over the last six months, and reported difficulty reaching into the backseat of her car. (Tr. 481). She had tried therapy and chiropractic care but had not had much improvement. Id. Dr. Heinzelmann found decreased range of motion and gave Plaintiff an injection. Id. In February of 2018, Plaintiff saw Dr. Song Zang for fibromyalgia and reported bilateral elbow pain for the prior three weeks, and

5

numbness and tingling of the upper extremities, right worse than left. (Tr. 837). At the administrative hearing on December 20, 2018, Plaintiff testified that she had problems with her hands, including numbness and trouble gripping things, and writing. (Tr. 42-43, 49-50).

The ALJ found Plaintiff would be limited to frequent handling and fingering bilaterally, but did not explain how he reached this finding. (Tr. 18-19, 20, 23). The ALJ acknowledged Plaintiff's complaints in her medical records of bilateral elbow pain in February of 2018, and diagnosis of carpal tunnel syndrome of the right wrist in December of 2016. (Tr. 18, 20, 546-48, 837). The ALJ also acknowledged Plaintiff's treatment history for pain in her right shoulder. (Tr. 18-19). However, the ALJ did not provide any analysis of these medical records explaining the addition of fingering and handling restrictions, or the exclusion of reaching restrictions.

The ALJ gave great weight to the physical opinion evidence provided by state agency consultants Drs. Cherry, Hazelwood, Williams, and Payne. (Tr. 23). Each of these opinions stated Plaintiff did not have any manipulative limitations. (Tr. 93, 114, 136-37, 159-60). However, the ALJ did not note this or explain his reasoning for including additional limitations. (Tr. 23). The ALJ did not rely upon any other medical opinion explaining the addition of the manipulative restriction to only frequent handling and fingering. Further, the ALJ did not include any reaching limitations, or explain why this limitation was not included.

In the RFC assessment, the ALJ did not address the impact of Plaintiff's elbow pain or carpal tunnel syndrome and did not explain the basis for his findings as to Plaintiff's manipulative limitations. A complete inability to use her fingers, hands and arms is not supported by the medical records or Plaintiff's reports. However, the ALJ did not explain the

6

basis for the manipulative restrictions he found, and the Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.  As the Eighth Circuit held in *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc), the test is whether a claimant has the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world. Alternatively, the ALJ may order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities.  See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## V.      Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of October 2020.

/s/   *Erin L. Wiedemann*
　　HON. ERIN L. WIEDEMANN
　　UNITED STATES MAGISTRATE JUDGE